**HAI QIU NAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**

General,[1] Respondent.

No. 07–1977–ag.

United States Court of Appeals, Second Circuit.

March 7, 2008.

Thomas V. Massucci, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wendtland, Assistant Director, Ashley B. Han, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Hai Qiu Nan, a native and citizen of the People's Republic of China,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

seeks review of the April 9, 2007 order of the BIA affirming the August 27, 2003 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying her application for asylum and withholding of removal. *In re Hai Qiu Nan,* No. A95 474 248 (B.I.A. Apr. 9, 2007), *aff'g* No. A95 474 248 (Immig. Ct. N.Y. City Aug. 27, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

■ We find that substantial evidence supports the agency's adverse credibility determination. The multiple specific examples of discrepancies between Nan's testimony, her aunt's testimony, and the evidence of record—e.g., whether she was summoned by authorities for questioning in April or November 2000, and whether she began holding Christian gatherings in her home (if indeed she ever did so) before or after Easter of that year—provided sufficient bases on which the agency could conclude that she was not credible. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006) (per curiam) ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission [but rather] may rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence." (internal citation and quotation marks omitted)). Although Nan (and her aunt) offered explanations for most of the discrepancies found by the agency, no reasonable fact-finder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

■ Nan argues that it was error for the agency to fail to evaluate her fear of persecution based on her practice of Christianity in the United States. However, because the basis for her alleged fear of future persecution was not independent of those allegations that the IJ found not credible, *cf. Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006), the agency properly concluded that the adverse credibility determination prevented Nan "from establishing the subjective prong of the well-founded fear standard," *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004); *see also Wu Biao Chen v. INS,* 344 F.3d 272 (2d Cir.2003) (per curiam). Accordingly, the agency's denial of Nan's asylum application was not improper.

■ Similarly, because the only evidence of a threat to Nan's life or freedom depended upon her credibility, the adverse credibility determination necessarily precluded success on her claim for withholding of removal. *See Paul,* 444 F.3d at 156–57.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

tion for a stay of removal in this petition is DISMISSED as moot.